UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CR-80062-RAR

UNITED STATES OF AMERICA

vs.

JOSE A. AMAN,

    Defendant.
_____/

## ORDER APPOINTING FEDERAL PUBLIC DEFENDER

**THIS CAUSE** comes before the Court *sua sponte*. On December 15, 2023, Defendant Jose A. Aman filed a Second *Pro Se* Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Second Motion"), [ECF No. 53]. On December 29, 2024, the Government filed a Response in Opposition to Defendant's Motion ("Response"), [ECF No. 54]. On February 13, 2024, Defendant filed a Reply in Support of his Motion ("Reply"), [ECF No. 56]. By his Motion and Reply, Defendant cites—as extraordinary and compelling reasons warranting a sentence reduction—changed family circumstances related to the former caregiver of his severely disabled son. *See generally* Motion; Reply.

After Defendant's Motion was fully briefed, several additional significant developments occurred. First, on March 15, 2024, Defendant submitted a Notice of Filing ("Notice"), [ECF No. 59], in which Defendant informed the Court that "[t]here has been a substantial deterioration in circumstances since the initial Compassionate Release motion was filed" and that his son's health condition had worsened. Notice at 1. Next, Defendant filed a physician letter from Jackson Medical Center dated March 1, 2024 ("Letter"), [ECF No. 58], indicating that Defendant's son's medical condition "is critical and his prognosis poor" and that he "may not survive this hospital stay." Letter at 1. Finally, on March 18, 2024, the Court issued an Order to Show Cause, [ECF

No. 60], ordering Defendant to demonstrate his exhaustion of administrative remedies prior to filing his Motion as required by 18 U.S.C. § 3582(c)(1)(A). Defendant timely responded to the Court's Order, [ECF Nos. 61–62]. The Court is accordingly satisfied that Defendant has adequately exhausted his administrative remedies here.

In April 2023, the Sentencing Commission passed Amendment 814—effective November 1, 2023—which implemented a series of long-awaited updates to the Section 1B1.13 Policy Statement,[1] including (1) moving the list of circumstances that qualify as "extraordinary and compelling" from the Application Notes in Section 1B1.13's Commentary to a standalone

---

[1] By way of background, the Court notes that for several years after the passage of the FSA, the Sentencing Commission lacked the requisite quorum to update Section 1B1.13 in accordance with the FSA's changes to the compassionate release provision codified at Section 3582(c)(1)(A). Thus, "before November 1, 2023, the Sentencing Commission's only guidance on this point had been promulgated prior to the enactment of the First Step Act." *United States v. Padilla*, No. 16 CR. 317-04 (PAE), 2024 WL 749566, at *3 (S.D.N.Y. Feb. 23, 2024). But after Congress changed the statute to allow defendants to file motions in addition to the BOP, a circuit split emerged concerning whether Section 1B1.13 constituted an "applicable policy statement" for defendant-filed motions, since the policy statement, quoting the pre-existing statute's language, began with the phrase "[u]pon motion of the Dircetor of the Bureau of Prisons." *Bryant*, 996 F.3d at 1247. As a result, some circuits determined that Section 1B1.13 was not an "applicable policy statement" binding judicial discretion as to defendant-filed motions, effectively affording courts in these circuits great discretion, under Application Note 1(D), concerning whether to grant or deny compassionate release motions. *Id.* at 1248. Other circuits, including the Eleventh Circuit, continued to consider Section 1B1.13 an applicable policy statement for all Section 3582(c)(1)(A) motions, notwithstanding the former version of Section 1B1.13's prefatory phrase "[u]pon motion of the Director of the Bureau of Prisons." *Id.* (holding, "[i]n short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop "other reasons" that might justify a reduction in a defendant's sentence."). Accordingly, prior to November 1, 2023, the law in the Eleventh Circuit was that Section 1B1.13 Application Note 1(D) did not grant courts discretion to develop their own "other reasons" that might justify a reduction in a defendant's sentence beyond those articulated by the BOP. *See id.* However, in light of Amendment 814's recent changes to Section 1B1.13, this circuit split now appears to be moot, since the new Section 1B1.13 moves the circumstances constituting extraordinary and compelling reasons from the commentary into the text of the Section 1B1.13 Policy Statement itself; brings the language of Section 1B1.13 in line with the FSA; and removes the ambiguity from the previous version of Section 1B1.13. *See United States v. Prada*, No. 22-13059, slip op. at 6–7 (11th Cir. Mar. 27, 2024) (per curiam) (stating "[t]he Sentencing Commission amended § 1B1.13 to clarify that it is applicable to motions by defendants and move[d] the definition of 'extraordinary and compelling reasons' to the text of the Guidelines."). Accordingly, Section 1B1.13 now controls courts' evaluation of all compassionate release petitions, whether BOP or defendant initiated.

subsection placed within the main body of the Section 1B1.13 Policy Statement; and (2) expanding the list of "extraordinary and compelling reasons," which *inter alia*, (a) retitled the "Medical Circumstances" category and added various additional subcategories; (b) significantly expanded the "Family Circumstances" category by adding additional subcategories; (c) added a new "Victim of Abuse" category; (d) significantly expanded the "Other Reasons" category to preserve judicial discretion to decide compassionate release motions, whether BOP or defendant filed, provided that such other circumstances, "when considered by themselves or together with any of the reasons" listed in Section 1B1.13 "are similar in gravity"; and (e) added an "Unusually Long Sentences" category, which permits courts to consider non-retroactive changes in law under a specific set of circumstances. *Compare* U.S.S.G. § 1B1.13 (2023)[2] *with* U.S.S.G. § 1B1.13 (2021); *see also Prada*, No. 22-13059, at 6–7. Thus, as modified, the new Section 1B1.13 identifies the following six circumstances, when considered individually or in combination, that permit the court to reduce a term of imprisonment under Section 3582(c)(1)(A): (1) Medical Circumstances of the Defendant; (2) Age of the Defendant; (3) Family Circumstances of the Defendant; (4) Victim of Abuse; (5) Other Reasons; and (6) Unusually Long Sentence. U.S.S.G. § 1B1.13(b)(1)–(6) (2023); *see also Prada*, No. 22-13059, at 6–7.

While the Eleventh Circuit has held that there is no right to the appointment of counsel in Section 3582(c)(1)(A) proceedings, it has also made clear such decisions are "left to the discretion of the district court." *United States v. Rolon*, No. 22-10970, 2022 WL 16959204, at *1 (11th Cir. Nov. 16, 2022) (quoting *United States v. Webb*, 565 F.3d 789, 794–95 (11th Cir. 2009) (holding

---

[2] U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28, 254 (effective Nov. 1, 2023).

there is no constitutional or statutory right to counsel in Section 3582(c)(2) proceedings)). Relevant here, the *Rolon* Court also noted that "*pro se* status alone and lack of legal knowledge does not establish that appointment of counsel is necessary. Rather, appointment of counsel in this context is 'a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues so novel or complex as to require the assistance of a trained practitioner.'" *Id.* (cleaned up) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)).

Considering the novel and complex situation presented by Defendant's son's medical condition, the adverse developments related to the continued availability of Defendant's son's former caregiver, and the recent significant changes to U.S.S.G. § 1B1.13's Family Circumstances provision, the Court finds that exceptional circumstances warranting court-appointed counsel are present here. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Federal Public Defender's Office is hereby **APPOINTED** to represent Defendant Jose A. Aman to assist with his 18 U.S.C. § 3582(c)(1)(A) Motion currently pending before this Court. If the Federal Public Defender's Office has a conflict preventing representation, it shall inform the Court of this conflict as soon as practicable.

2. **Within fourteen (14) days** of the Federal Public Defender's Office's designation of specific counsel to represent Defendant, assigned counsel **may** submit additional supplemental briefing **not to exceed ten (10) pages** confined specifically to the issue of whether and why Defendant's circumstances are sufficiently extraordinary and compelling to warrant a sentence reduction in light of Amendment 814's changes to U.S.S.G. § 1B1.13.[3]

---

[3] Any forthcoming supplemental briefing need not address the issue of exhaustion, as the Court finds that

3. In the event Defendant's appointed counsel submits supplemental briefing, the Government **shall** file a Response **not to exceed ten (10) pages within seven (7) days** indicating whether and why the Government still opposes Defendant's requested sentence reduction.

**DONE AND ORDERED** in Miami, Florida, on this 2nd day of April, 2024.

_____
**RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE**

cc:   Counsel of record

Jose A. Aman
08204-509
Jesup FCI
Federal Correctional Institution
Inmate Mail/Parcels
2680 US Highway 301 South
Jesup, GA 31599
PRO SE

Federal Public Defender's Office
MIA_ECF@FD.org

---

Defendant has exhausted his administrative remedies in light of the Defendant's Responses to the Court's March 18, 2024 Order to Show Cause. *See* [ECF Nos. 61–62].